# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QUORDALIS V. SANDERS,

        Plaintiff,

    v.                                   Case No. 14-CV-293

PETER BOECK and
SCOTT M. KELAND,

        Defendants.

## ORDER

    Quordalis V. Sanders, a *pro se* plaintiff, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. The court screened Sanders's complaint pursuant to 28 U.S.C § 1915A(a) and allowed him to proceed with his claim that that defendants wrongfully arrested him without probable cause in violation of the Fourth Amendment to the U.S. Constitution. This matter is now before the Court on the defendants' motion for summary judgment and Sanders's motion for judgment on the pleadings, both of which are fully briefed. Despite Sanders styling his motion as a "Motion for Judgment on the Pleadings," the court will construe the filing as a motion for summary judgment because Sanders relies on documents outside of the pleadings.

For the reasons set forth below, Sanders's motion is denied and the defendants' motion is granted.

## I. RELEVANT FACTS

The facts in this section are primarily taken from the defendants' proposed findings of fact (ECF No. 60), which are admitted for the purpose of deciding summary judgment because Sanders failed to respond to them. *See* Civil Local Rule 56(b)(4) (E.D. Wis.). Additional facts are taken from Sanders's proposed findings of fact (ECF No. 67) and his sworn amended complaint (ECF No. 8), which the Seventh Circuit Court of Appeals has instructed district courts to construe as an affidavit at the summary judgment stage. *Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996). Specific citations to documents in the record other than those already mentioned are also included.

Sanders is currently incarcerated at Waupun Correctional Institution. Defendants Peter Boeck and Scott Keland are police officers employed by the Racine, Wisconsin Police Department. On December 6, 2013, Officer Alicia Davalos (a non-party) completed an incident report stating that, while she was on patrol, she was dispatched to the Super Steak and Lemonade for a report of indecent exposure. (ECF No. 62-2 at 5.) Specifically, "E.M." (a minor) reported that, while she was cleaning, Sanders had been in the parking lot watching her with his genitals exposed and masturbating. (*Id*.) E.M. told the officer that Sanders had been engaged in this type of conduct for approximately

three years and that, although she obtained the paperwork to file a temporary restraining order (TRO) against Sanders, she had not yet filed it. (*Id*. at 6.)

Officer Davalos also noted in her report that Sanders had been mentioned in a previous indecent exposure call on September 29, 2013, and in a stalking call on November 19, 2013. (*Id.*) At the November call, the officer had provided E.M. with information about filing a TRO and had advised Sanders that he was not welcome at the restaurant's property and would be cited for trespassing in the future. (*Id.*) Based on the foregoing, Officer Davalos submitted a warrant recommendation for Sanders for exposing genitals to a child, disorderly conduct, and trespassing. (*Id.*).

On January 15, 2014, a criminal complaint was filed and a warrant was issued for Sanders's arrest on two counts: 1) exposing genitals or pubic area; and 2) disorderly conduct. (ECF No. 62-2 at 3-4.) The warrant indicated that on both charges Sanders was a "repeater" because he had been convicted of at least one felony or three misdemeanors in the previous five-year period immediately preceding the commission of these offenses. (*Id.*)

On January 29, 2014, Officers Boeck and Keland observed Sanders pulling out of an alley. Sanders failed to turn on his turn signal while exiting the alley, so Boeck pulled him over, and Keland, who was in a separate squad car, pulled up behind him. (ECF No. 67 at 2; ECF No. 63-1 at 3.) Keland, who was familiar with Sanders because he had reviewed his most recent booking photograph, knew that Sanders was wanted on an

outstanding warrant. Sanders was informed that there was a warrant for his arrest and he was taken into custody. Boeck also issued four traffic citations to Sanders, all of which Sanders concedes are legitimate. Sanders was not given a ticket for failing to use his turn signal when exiting the alley.

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit

or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The fact that both parties have moved for summary judgment, and thus both simultaneously argue that no genuine issues of material fact exist, does not empower a court to enter judgment as it sees fit. *See* 10A Charles Alan Wright et al. § 2720 at 327-28 (3d ed. 1998). A court may grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law on the basis of the material facts not in dispute. The proper procedure is to assess the merits of each summary judgment motion independently. Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. Importantly, the fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion.

### III.   ANALYSIS

The defendants argue that they are entitled to summary judgment because probable cause existed for the arrest, and probable cause is an absolute defense to a claim of wrongful arrest under 42 U.S.C. § 1983. Sanders argues that he is entitled to summary judgment because the Racine Police Department failed to conduct a proper investigation after receiving E.M.'s complaint. Had they done so, they would have

5

noted that she made similar claims at the end of 2010 for which he was arrested. Sanders contends that he was found not guilty of the 2011 charge, casting doubt on the reliability of E.M.'s statements. In addition, he argues that Boeck is the officer who arrested him, even though Keland indicates in a police report that he conducted the arrest.

Generally, a plaintiff cannot base a Fourth Amendment claim on an arrest made pursuant to a valid arrest warrant; that is so even if the arrest warrant is later determined to have an inadequate factual determination. *Juriss v. McGowan*, 957 F.2d 345, 351 (7th Cir. 1992). Although the court presumes "the validity of a warrant and the information offered to support it, the presumption is premised on an assumption that there will be a truthful showing of probable cause." *Whitlock v. Brown*, 596 F.3d 406, 410 (2010). The presumption may give way if a plaintiff can show that an officer "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer['s] determination [ ] that probable cause existed for the arrest [ ]." *Id.* (quoting *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742-43 (7th Cir. 2003) (other citations omitted).

Sanders argues that the arrest warrant was not supported by probable cause because the witness upon whose statements it was based was unreliable. He states that had the Racine Police Department done a proper investigation they would have discovered that the witness had previously made similar charges for which he had been

arrested but later acquitted. Such information would have undermined her reliability and negated the probable cause for the warrant.

Sanders does not allege, let alone offer evidence, that the defendants (who did not seek the arrest warrant but only executed it) knew about the prior case in which E.M. had been a witness. The presumption that a warrant is valid can be overcome only when an officer "knowingly or intentionally or with a reckless disregard for the truth" manipulates a judicial officer by including or omitting information that would affect the determination that probable cause exists. *See Whitlock*, 596 F.3d at 410. Sanders argues only that the Racine Police Department was negligent because it failed to properly investigate E.M. before relying on her statements to support the request for a warrant. However, negligence is insufficient to negate the presumption that the warrant is valid, especially when, as here, the claim of negligence is not even directed at the defendants.

Moreover, Sanders's assertion that he was found not guilty of E.M.'s prior accusations in 2011 is a generous characterization of the truth. According to Racine County court records, Sanders was found not guilty of Wisconsin Statute § 948.055(1) (causing a child 13-18 to view sexual activity). But he was found *guilty* of § 947.01 (disorderly conduct) and § 944.20(1)(a) (lewd, lascivious behavior in public). *See* Case No. 11-CF-4 (Racine County, Wis.) The fact that a jury decided that the state had not met its burden on one of three charges where E.M. was a witness does not call E.M.'s credibility into doubt to such an extent that her later complaints to the police should

have been disregarded. Thus, even if the defendants had known of this information, it would not have caused them to doubt whether probable cause existed for Sanders's arrest. *See Chelios v. Heavener*, 520 F.3d 672, 686 (7th Cir. 2008) (holding that a police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect committed an offense).

Sanders's other attacks on the arrest also fail. He asserts that Keland falsified a report when he stated that he rather than Boeck was the arresting officer. Sanders conceded at his deposition that both officers were present throughout the stop and both were present at the time of his arrest. (ECF No. 63-1 at 3.) It is insignificant which of the two officers completed the administrative report and identified himself as the arresting officer because the stop and arrest appear to have been a joint effort. Even Sanders agreed that it would make sense for one officer to complete the traffic citations and for the other to complete the arrest report. (ECF No. 63-1 at 5.) That is precisely what occurred here.

Next, Sanders claims that Boeck told him he had pulled him over for failing to use his turn signal, but Boeck did not issue a citation for that offense. Sanders has not challenged the legality of the traffic stop (he cannot – he has admitted that he did not use his turn signal), and in any event this argument is irrelevant to the legality of his subsequent arrest.

8

In short, because the defendants have established, based on the undisputed material facts, that they arrested Sanders pursuant to a valid arrest warrant, Sanders's Fourth Amendment claim fails.

**WHEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for judgment on the pleadings (ECF No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **DISMISS** this action and enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of August, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

9
Case 2:14-cv-00293-WED   Filed 08/14/15   Page 9 of 9   Document 76